

Harry S. Stern, SBN 176854
Timothy K. Talbot, SBN 173456
Steven M. Betz, SBN 271543
RAINS LUCIA STERN, PC
220 Montgomery Street, Suite 484
San Francisco, CA 94104
Telephone: 925.609.1699
Facsimile: 925.609.1690
Email: hstern@rlslawyers.com

Attorneys for Gwendolyn Brown and Berkeley Police Association

AUG 04 2014

Donnan Phan

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

RG14735550

| GWENDOLYN BROWN, BERKELEY POLICE ASSOCIATION, | Case No. |
|---|---|
| Plaintiffs, | COMPLAINT FOR DAMAGES; REQUEST FOR INJUNCTIVE RELIEF (CAL. CODE CIV. PROC. § 525). |
| v. | |
| CITY OF BERKELEY, BERKELEY POLICE REVIEW COMMISSION, DOES 1-50, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiffs GWENDOLYN BROWN and BERKELEY POLICE ASSOCIATION complaint against Defendants CITY OF BERKELEY, BERKELEY POLICE REVIEW COMMISSION, and DOES 1 THROUGH 50 as follows:

## PARTIES

1. Plaintiff Brown is, and all times mentioned herein was, a sworn police officer employed by the Berkeley Police Department (hereinafter "the Department") and Defendant City of Berkeley.

2. Plaintiff Berkeley Police Association (hereinafter "the BPA") is, and at all times mentioned herein was, a duly recognized employee organization and the recognized employee organization representing sworn police officers employed by the Department. BPA brings this action

1

*BROWN AND BPA V. CITY OF BERKELEY, ET AL.*; COMPLAINT FOR DAMAGES

1  on behalf of itself and its members.

2      3.    Defendant City of Berkeley (hereinafter "the City") is, and at all times relevant herein was, a municipal corporation duly organized and existing under the laws of the State of California. Defendant City maintains the Department and employs its police officers. Defendant City employs staff for Defendant Berkeley Police Review Commission (hereinafter "the PRC"), appoints individual commissioners, and provides stipends to compensate commissioners for service. (Ordinance No. 4644-N.S. §§ 2, 6, attached to the Declaration of Chris Stines as Exhibit A.)

    4.    Defendant PRC is a citizens' review board established by City of Berkeley Ordinance No. 4644-N.S. and amended by Ordinance No. 5503-N.S. The PRC Ordinance gives the PRC authority to investigate citizen complaints of misconduct lodged with the PRC against members of the Department. The purpose of the PRC is to "provide for community participation in setting and reviewing Police Department policies, practices and procedures and to provide a means for prompt, impartial and fair investigation of complaints brought by individuals against the Berkeley Police Department." (Berkeley Mun. Code §3.32.010.)

    5.    The PRC is comprised of nine commissioners, each of whom is appointed by the Berkeley City Council. PRC commissioners cannot be city employees, but receive compensation from the City for their work which cannot exceed $200 per month. (Exhibit A, §§ 2, 6.)

    6.    Plaintiffs are ignorant of the true names and capacities of Defendants Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of Does 1-50, inclusive, if they are ascertained.

## GENERAL ALLEGATIONS

    7.    On February 12, 2013, Berkeley police officers, including Plaintiff Brown, responded to the home of Kayla Moore, due to a call from Ms. Moore's roommate, who alleged that Ms. Moore was violent, aggressive, and needed to be "5150'd." (Kimberly Veklerov, *Leaked Documents Shed New Light on Kayla Moore's In-Custody Death*, the Daily Californian, May 7, 2014, attached to the declaration of Chris Stines as Exhibit B.)

8. After contacting Ms. Moore, the officers learned that Ms. Moore had a warrant out for her arrest. The officers subsequently attempted to take Ms. Moore into custody on the warrant. (*Ibid.*)

9. Ms. Moore became resistant when the officers attempted to take her into custody. The officers struggled to place Ms. Moore under arrest; ultimately eight officers were summoned to the scene. (*Ibid.*)

10. At some point during the arrest, the officers realized that Ms. Moore experienced difficulty breathing. (*Ibid.*) The officers began life saving measures, including chest compressions, calling for a CPR mask, and keeping Ms. Brown's airways open. (*Ibid.*) Tragically, Ms. Moore died during the incident. (*Ibid.*)

11. The Department, the Alameda County District Attorney's Office, and the Alameda County Coroner's Office each cleared the officers of any wrong doing during the incident. The coroner determined that Ms. Moore died of a lethal level of opiates and cocaine, as well as morbid obesity and a pre-existing heart condition. (*Ibid.*)

12. Ms. Moore's death sparked protests among activists in Berkeley. These protests eventually led to a review of the incident by the PRC. The PRC reviews such incidents through a Board of Inquiry (hereinafter "BOI") normally consisting of three PRC commissioners, or six persons in cases of the death of a person. (PRC Rules and Regulations § V(A), attached to the declaration of Chris Stines as Exhibit C.) Michael Sherman, Kiran Shinoy, Barbara Allen, Alison Bernstein, Karen Lohurst, and Oliver Zerrudo served as commissioners on that BOI investigating to the incident involving Ms. Moore. (Declaration of Chris Stines at 1:6-8.) Plaintiff Brown and other BPA members were required to appear and testify about their contact with Ms. Moore before the BOI.

13. Following the evidentiary portion of a BOI, the commissioners deliberated outside the presence of the parties. (Exhibit C, § VII(A).) In order to sustain an officer for misconduct, the commissioners must find misconduct by a majority vote. (Exhibit C, § VII(B).)

14. According to the PRC's regulations in effect at the time, "all commission proceedings relating to the investigation of a complaint against an officer are closed to the public." (Exhibit C, § I(A).) Additionally, the regulations maintain that "each commissioner shall maintain strict confidentiality." (Exhibit C, § V(D)(1)(a).) Commissioners "shall not publicly comment on any

1  complaints" to the PRC. (Exhibit C, § V(D)(2)(a).) Commissioners present during PRC hearings are required "to sign a confidentiality and nondisclosure agreement." (Exhibit C, § V(B)(1).)

15. BPA members are required to attend PRC hearings unless their attendance is excused by the City Manager. (Subject Officer Testimony Memorandum, Michael Brown, Jul. 20, 1990, attached to declaration of Chris Stines as Exhibit D.) On May 7, 2014, the Daily Californian, a UC Berkeley student newspaper, published an extensive article detailing the PRC findings. (Exhibit A.) The article claimed that information from the PRC was leaked to one of its reporters. (*Ibid.*) The article additionally noted that the PRC found that Plaintiff Brown failed to constantly monitor Ms. Moore's vital signs during the incident. (*Ibid.*)

16. Upon learning about the disclosure of this information, the BPA demanded the City conduct an investigation into the source of the leak. (Letter from Harry Stern, May 1, 2014, attached to Declaration of Harry Stern as Exhibit E.) Pending that investigation, the BPA and its members temporarily declined to participate in PRC proceedings. (Letter from Christine Daniel at 1, Jul. 10, 2014, attached to Declaration of Chris Stines as Exhibit F.) The City agreed not to require BPA members to attend PRC and BOI hearings until July 12, 2014. (Exhibit B; Exhibit F at 1-2.) The City conducted a personnel investigation to determine whether any City employee—including PRC staff, but not PRC commissioners—had disclosed the information about the Moore incident and the finding against Plaintiff Brown. The City's investigation concluded that no City employee had disclosed the information. (Exhibit F at 1.)

17. The City refused to conduct a formal investigation to determine whether a PRC commissioner was the source of the leak. (Declaration of Chris Stines at 2:1-3.) The City claimed that it does not have the authority to investigate PRC commissioners. (Declaration of Chris Stines at 2:3-4.) At its June 11, 2014 meeting, the PRC commissioners adopted a resolution urging each commissioner to sign a declaration under penalty of perjury stating that she or he did not provide the Daily Californian, or any of its agents or representatives, with any confidential information relating to the PRC hearing. (Resolution of the Police Review Commission, attached to the Declaration of Chris Stines as Exhibit G.) Each member of the commission subsequently signed a declaration denying any knowledge of the leak. With two exceptions, the declarations were identical. (Signed Declarations by

1. PRC Commissioners, attached to the Declaration of Chris Stines as Exhibit H.)

   18. The June 11, 2014 resolution also admitted and acknowledged that the disclosure of the report to the Daily Californian "violated the principles of trust and confidentiality necessary" to the PRC. (Exhibit G.)

   19. PRC hearings are expected to resume on August 6, 2014. (Declaration of Chris Stines at 2:5-6.) The agreed upon stay to excuse BPA members from attending said hearings expired on July 12, 2014. Two BPA members have been summoned to appear and testify.(Declaration of Chris Stines at 2:5-6.)

   20. On August 1, 2014, Plaintiffs filed a Government Tort Claim with the City.

## FIRST CAUSE OF ACTION
(Invasion of Privacy; Cal. Const. Art 1, § 1; Plaintiff Brown as to all Defendants)

   21. Plaintiffs hereby re-alleges and incorporates by reference herein paragraphs 1 through 20 of this Complaint as thought fully set forth herein.

   22. Plaintiff Brown had a legally protected privacy interest in the non-disclosure of PRC proceedings and reports by virtue of the PRC Regulations.

   23. Plaintiff Brown has a reasonable expectation of privacy with respect to PRC proceedings and reports insofar as their non-disclosure to the public is concerned.

   24. The improper use of the PRC proceedings and reports, to wit the disclosure of information that is to be maintained in the strictest of confidence to an unauthorized third party was a serious invasion of Plaintiff Brown's privacy interests.

   25. Plaintiff Brown has suffered severe emotional stress as well as damage to her professional reputation as a police officer as a result of the deliberate and unauthorized disclosure of confidential and private PRC information.

   26. The disclosure of confidential and private information was a substantial factor leading to the harms suffered by Plaintiff Brown.

///
///
///

## SECOND CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress; Plaintiff Brown as to all Defendants.)**

27. Plaintiffs hereby re-alleges and incorporates by reference herein paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. Defendants' release of confidential information concerning Plaintiff Brown was intentional and outrageous and done with reckless disregard for the great probability that said release would cause Plaintiff Brown to suffer emotional distress.

29. As a result of Defendants' actions, confidential and private information pertaining to Plaintiff Brown was released into the public and caused Plaintiff Brown to suffer severe emotional distress.

30. The Defendants' actions are a substantial factor in causing Plaintiff Brown's emotional distress.

## THIRD CAUSE OF ACTION
**(Negligent Infliction of Emotional Distress; Plaintiff Brown as to all Defendants.)**

31. Plaintiffs hereby re-alleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. Defendants' release of confidential information concerning Plaintiff Brown was negligent, as the release of confidential information is a direct breach of the duty of care Defendants owed to Plaintiff Brown by virtue of the PRC's Regulations.

33. As a result of Defendants' actions, Plaintiff Brown has suffered serious emotional distress..

34. Defendants' actions are a substantial factor in causing Plaintiff Brown's emotional distress.

## FOURTH CAUSE OF ACTION
**(Negligence; Cal. Civ. Code § 1714, subd. (a); Plaintiff Brown as to all Defendants.)**

35. Plaintiffs hereby re-alleges and incorporates by reference herein paragraphs 1 through 34 of this Complaint as thought fully set forth herein.

36. Defendants City and PRC owed Plaintiff Brown a duty of care to maintain the

confidentiality of PRC proceedings as stated in the PRC's Regulations. Those regulations state that the proceedings are closed to the public and "[r]ecords of these investigations shall be treated as confidential and *will not be disclosed to members of the public.*" (Exhibit C at § I(A) (emphasis added).) Additionally, each PRC member is required to maintain strict confidentiality and is barred from speaking publicly on any complaints. (Exhibit C at § V(D)1(a)-(b).)

37. Despite knowledge of this duty of care, one or more Defendants released or allowed the release of the PRC report regarding the Ms. Moore investigation to the public. This release of information resulted in confidential, private information being released into a public forum; indeed, to a student newspaper.

38. By virtue of the PRC's Regulations, Defendants owed a duty of care to Plaintiff Brown regarding the confidentiality of the PRC proceedings. Moreover, the Defendants breached that duty of care by releasing confidential information to the public.

39. As a direct result of the Defendants' breach of its duty of care, Plaintiff Brown suffered a loss of privacy and infliction of severe emotional distress. The Defendants' actions were a substantial factor leading to Plaintiff Brown's suffering such harm.

**FIFTH CAUSE OF ACTION**
**(Invasion of Privacy, 42 U.S.C. § 1983; Plaintiff Brown as to all Defendants.)**

40. Plaintiffs hereby re-alleges and incorporates by reference herein paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. Defendants' above-described conduct, wherein it is alleged that Defendants disclosed confidential information regarding Plaintiff Brown's conduct discovered through the BOI to the Daily Californian, deprived Plaintiff Brown of her right of privacy under the United States Constitution.

42. At all times described herein, Defendants acted under color of authority as employees, agents, or officers of the PRC or City or both in depriving Plaintiff Brown of her right of privacy under the United States Constitution.

///
///
///

**SIXTH CAUSE OF ACTION**
(Contempt of Court; Cal. Civ. Code § 1209, subd. (a)(5); All Plaintiffs as to all Defendants.)

43. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 42 of this Complaint as thought fully set forth therein.

44. On March 14, 2007, the Honorable Judge Winifred Smith issued a writ of mandamus commanding Defendants City and the PRC to "comply with the requirements of Penal Code section 832.7 and not disclose peace officer personnel records except in accordance with the specific enumerated contingencies contained therein, and to immediately cease permitting the public to access Police Review Commission investigations, reports, hearings, and findings." (Writ of Mandate, Case No. 200205759, Mar. 14, 2007, attached to the Declaration of Harry Stern as Exhibit I.)

45. Records constituting complaints or investigations of complaints, constitute a "personnel" record under Penal Code section 832.7. (Cal. Pen. Code § 832.9, subd. (e).)

46. Defendants willfully violated Judge Smith's order by disclosing confidential peace officer records in violation of Penal Code section 832.7, and by permitting public access to PRC reports. Plaintiffs are not suing for violation of Penal Code section 832.7; rather, Plaintiff's bring this action on the basis that Defendants violated Judge Smith's order.

**SEVENTH CAUSE OF ACTION**
(Injunctive Relief, Cal. Code Civ. Proc. §§ 526; All Plaintiffs as to all Defendants)

47. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48. Plaintiff BPA requests that the Court issue an injunction prohibiting Defendants from mandating BPA members to appear and/or testify before the PRC. Said injunction would last until either: (1) the source of the leak is found and removed from the PRC and/or denied access to information relating to PRC proceedings and reports; or (2) all current PRC commissioners are replaced.

49. BPA members have a reasonable expectation of privacy in the proceedings and records of the PRC, as is codified by the PRC's own regulations. BPA members' expect that their participation in PRC proceedings is conditioned on the caveat that the proceedings, the records, and findings are all

confidential. BPA members have a beneficial interest in ensuring their privacy is protected.

50. Plaintiff Brown requests that the Court issue an injunction prohibiting Defendants from mandating that she appear and/or testify before the PRC as set forth in paragraph 44.

51. Defendants' release of confidential information pertaining to Plaintiff Brown violated the confidentiality provisions of the PRC's Regulations.

52. The City has failed to identify the source of the leak, but has determined that the source was not one of the PRC staff members. Despite the City's inability to determine the source of the leak, the same PRC commissioners who served during the BOI relating to the Moore incident—and thus during the time the leak occurred—remain members of the PRC and continue in that capacity today. Additionally, by signing nearly identical declarations and denying any knowledge or responsibility for the leak of confidential information, PRC commissioners have conspired with Defendants in a misguided effort to conceal the specific perpetrators of the wrongful acts and created the false impression that Defendants are capable of appropriately protecting and maintaining the confidentiality of its proceedings and records in the future.

53. There is a significant likelihood that future breaches of confidentiality will occur since the source of the leak has not been identified and all of the PRC commissioners deny any knowledge of or responsibility for the leak of confidential information.

54. Should additional breaches of the PRC's confidentiality requirements occur, BPA members will suffer great and irreparable injury to their privacy rights.

55. Balancing the interests of the PRC to continue to conduct its business versus the BPA's interest in protecting its members from confidentiality breaches results in finding that the BPA's interest outweighs that of the PRC. The City will continue to be able to conduct internal affairs investigations and issue discipline in the event that officer misconduct occurs. The PRC's ability to conduct its business will only be temporarily restricted until either the source of the leak is identified and removed or all board members are replaced. However, should a BPA member suffer another breach of privacy, said member has no adequate remedy at law to address such a breach.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brown requests judgment against each Defendant as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For punitive damages as to the individual Defendants responsible for the leak of Plaintiff Brown's confidential information according to proof;
4. For Plaintiffs' cost of suit;
5. For issuance of injunctive relief, prohibiting Defendants from mandating the appearance and testimony of Plaintiff Brown before the PRC until either: (1) the source of the leak is found and removed from the PRC and/or denied access to information relating to PRC proceedings and reports; or (2) all current PRC commissioners are replaced; and
6. For such other relief as the court may deem just and proper.

Plaintiff BPA requests judgment against each Defendant as follows:

A. For issuance of injunctive relief, prohibiting Defendants from mandating the appearance and testimony of any BPA member before the PRC until either: (1) the source of the leak is found and removed from the PRC and/or denied access to information relating to PRC proceedings and reports; or (2) all current PRC commissioners are replaced.
B. For Plaintiff's cost of suit; and
C. For such other relief as the court may deem just and proper.

Dated: August 4, 2014

Respectfully submitted,
RAINS LUCIA STERN, PC

Steven M. Betz
Attorney for GWENDOLYN BROWN and
BERKELEY POLICE ASSOCIATION